Charles Gordon **LINDSTROM**, Appellant,

v.

**PEOPLE OF the STATE OF CALIFORNIA**, Appellee.

No. 20422.

United States Court of Appeals
Ninth Circuit.

Aug. 11, 1966.

Charles Gordon Lindstrom, in pro. per.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, Jennifer L. Bain, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before POPE, MERRILL and BROWNING, Circuit Judges.

PER CURIAM.

The appellant is a state prisoner incarcerated in a California prison under the control of the appellee Warden. He was convicted in a California Superior Court for the crime of murder and sentenced to life imprisonment on June 9, 1960. He did not appeal from this sentence and subsequently sought post-conviction remedy by petitions for writs of habeas corpus in the California courts and thus exhausted his California remedies for the wrongs which he now attempts to remedy by application for the writ of habeas corpus in the court below. His application was denied in the district court and this appeal follows.

The appellant's petition for habeas corpus states as follows: "The entire crux of this matter and sole issue to be determined by this Honorable Court is the admission in evidence against petitioner at his trial, the extra judicial statements (confession) of petitioner, which was elicited from petitioner during the course of interrogation, while in police custody; after the investigation had ceased being an exploration into an unsolved crime and had focused upon the petitioner; without petitioner being advised of his constitutional rights to: 1) counsel during interrogation; 2) against self-incrimination; and, 3) absolute right to remain silent."

In his application for the writ petitioner says: "For argundo (sic) we will assume the Court has limited the doctrine of Escobedo v. [State of] Illinois [378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977], to prospective application only. It is respectfully submitted that the doctrine of Escobedo may not constitutionally be limited to prospective application only." The Supreme Court in the case of Johnson v. State of New Jersey, 384

U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, has demolished the basis for petitioner's application for the writ and has demonstrated that he may not rely upon the rule of the Escobedo case as he attempts to do.

The judgment is affirmed.